UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-20372-CIV-MORENO

NUTRABLEND FOODS, INC., a Canadian
corporation,

        Plaintiff,

vs.

GIFTED NUTRITION ENTERPRISES, INC.,
a Florida dissolved corporation; BADIZO,
LLC, a Nevada limited liability company; and
BADIZO, LLC, an Ohio limited liability
company,

        Defendants.
_____/

## ORDER DIRECTING CLERK TO ENTER DEFAULT

THIS CAUSE came before the Court upon a *sua sponte* review of the record.

THE COURT notes the proof of service on Defendant Gifted Nutrition Enterprises, Inc. **(D.E. 7)**, filed on **April 11, 2018**. After Defendant Gifted Nutrition Enterprises, Inc. failed to answer or respond to Plaintiff's Complaint, the Court issued an order on April 16, 2018 directing the Clerk of Court to enter default as to Gifted Nutrition Enterprises, Inc. **(D.E. 8.)** The Clerk of Court entered the default on April 17, 2018. **(D.E. 9.)** Nearly four months later, on August 16, 2018, Plaintiff filed an agreed motion to set aside the default. **(D.E. 10.)** The same day, Plaintiff also filed a motion for leave to file an Amended Complaint. **(D.E. 11.)** On August 24, 2018, the Court granted both the motion to set aside the default and the motion for leave to file an Amended Complaint. **(D.E. 12.)** Plaintiff filed its Amended Complaint on August 27, 2018. **(D.E. 13.)** Under Federal Rule of Civil Procedure 15(a)(3), Gifted Nutrition Enterprises, Inc.'s deadline to answer or respond to Plaintiff's Amended Complaint was fourteen days later on

September 10, 2018. *See* Fed. R. Civ. P. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."). As of the date of this Order, Gifted Nutrition Enterprises, Inc. still has not answered or responded to the Amended Complaint. Therefore, Gifted Nutrition Enterprises, Inc. defaulted under Federal Rule of Civil Procedure 55. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

THE COURT also notes Defendant Badizo, LLC[1] received notice of the Amended Complaint and has moved three times to extend its deadline to respond. First, on September 24, 2018, Badizo moved unopposed and requested a 20 day extension to respond to the Amended Complaint because "counsel was only recently engaged to represent Badizo in this action, and require[d] addition time, *no less than 20 days*, to investigate this matter and prepare an appropriate response." **(D.E. 18 (emphasis added).)** The Court granted Badizo's motion on September 26, 2018. **(D.E. 19.)**

Second, on October 12, 2018, Badizo moved for another extension, this time requesting 14 additional days because the parties were "exchanging information and otherwise communicating" about the matter. **(D.E. 20.)** Even though the Court had not granted the motion by the October 15, 2018 deadline and Badizo let the deadline pass without filing a response, the Court nevertheless granted Badizo's second motion on October 16, 2018. **(D.E. 21.)**

---

[1] The Amended Complaint adds "Badizo, LLC, a Nevada limited liability company" and "Badizo, LLC, an Ohio limited liability company," suggesting they are two separate entities. Counsel for Badizo, LLC informs the Court the two "Badizo" entities are one in the same, and explains that Badizo, LLC simply moved its state of incorporation from Nevada to Ohio for administrative purposes. **(D.E. 18, 20, 22 at n.1.)** Notwithstanding, this Order applies with equal force to each entity to the extent they are separate.

Finally, on October 29, 2018—the deadline for Badizo to respond to the Amended Complaint per its second request—Badizo moved for a third extension, this time seeking a "30-day second additional enlargement of time" so that the parties "have sufficient time to narrow the issues[2] to the extent possible . . . before Badizo files any response to the Amended Complaint." **(D.E. 22.)** The Court did not rule on Badizo's third request for an extension by the October 29, 2018 deadline, which passed without Badizo filing an answer or response to the Amended Complaint. Consequently, Badizo also defaulted under Federal Rule of Civil Procedure 55(a). Therefore it is

**ADJUDGED** that the Clerk shall file an Entry of Default against Defendants Gifted Nutrition Enterprises, Inc. and Badizo, LLC pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Upon entry of default, Plaintiff may file a motion for Default Judgment in accordance with Rule 55(b) of the Federal Rules of Civil Procedure. The Clerk is directed to close the case. All pending motions are DENIED as MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this __27__ of November 2018.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Gifted Nutrition Enterprises, Inc.
3301 NE 1st Avenue, #704
Miami, FL 33137
Pro Se

---

[2] The Amended Complaint comprises seven pages of allegations and four counts. (D.E. 13 at 1–7.)

3